**MORRISON CAFETERIA COMPANY, of West Palm Beach, a Florida Corporation, v. R. W. SHAMHART, doing business under the firm name and style of PEARSON PHARMACY.**

35 So. (2nd) 842         June Term, 1948

June 8, 1948         En Banc

*Loren D. Simon,* for appellant.

*Newman T. Miller, Wareing T. Miller* and *Bezoni & Mc-Cord,* for appellee.

ADAMS, J.:

The decree here in question was entered pursuant to our mandate in the case of Shamhart v. Morrison Cafeteria, 159 Fla. 629, 32 So. (2nd) 727.

Several questions are argued but we find no reason to treat any except the challenge addressed to that part of the decree reading:

" . . . that defendant provide sufficient space upon its premises to accommodate its patrons waiting to be served at defendant's said cafeteria, so that it will not be necessary for said patrons to stand in line upon the public sidewalk in front of the entrances to plaintiff's place of business at the corner of Datura Street and Olive Avenue, West Palm Beach, Florida, while waiting to be served at defendant's said cafeteria. . . . "

It is argued at the bar of the court that this is too broad and will not permit the cafeteria management to place an attendant outside its place to supervise the line of customers in a manner so as not to block appellee's entrance. Counsel on the other side also stated at the bar that no objection would be made to a modification in this respect. Such a change will in no way prejudice the relief granted because the gist of the relief sought and granted is to afford the public ingress and egress to the drug store. No doubt the chancellor would have made the change had it been requested.

We find no merit in the other questions and the decree is affirmed with the quoted part modified simply to enjoin appellant from blocking passage to and from appellee's store.

So ordered.

THOMAS, C.J., TERRELL, CHAPMAN and SEBRING, JJ., concur.

BARNS, J., concurs specially.

HOBSON, J., not participating.

BARNS, J., specially concurring:

Upon remand of the prior appeal (Shamhart v. Morrison Cafeteria, 159 Fla. 629, 32 So. (2nd) 727) from a final decree of dismissal, the Chancellor entered a final decree for the plaintiff, containing the following, to-wit:

" . . . that defendant provide sufficient space upon its premises to accommodate its patrons waiting to be served at defendant's said cafeteria, so that it will not be necessary for said patrons to stand in line upon the public sidewalk in front of the entrance to plaintiff's place of business at the corner of Datura Street and Olive Avenue, West Palm Beach, Florida, while waiting to be served at defendant's said cafeteria. "It is further ORDERED AND DECREED that plaintiff do have and recover of and from the defendant, damages in the sum of $2,896.57, plus $129.84, interest from April 26, 1946, to this date, and $775.51 court costs."

It is now proposed to purge the final decree of the quoted injunctive features of the final decree but to allow the imposition of damages on the Cafeteria in the sum of $3801.92 to stand.

I concur in the opinion and judgment about to be entered herein but not on any confessions of error. I do not think the statements of counsel at the bar of the Court were sufficient to warrant the Court to draw such a conclusion.

Since the final decree is to be purged of the injunctive effect of the final decree, I think the final decree should also be purged of the following paragraph of the decree, awarding $3801.92 damages, to-wit:

"It is further ORDERED AND DECREED that plaintiff do have and recover of and from the defendant, damages in the sum of $2,896.57, plus $129.84, interest from April 26, 1946, to this date, and $775.51 court costs."

Some of the factors forming the basis for the foregoing conclusion as to the damages are the findings of fact by the Master, as follows:

"That the plaintiff herein had conducted its cafeteria business in an orderly, reasonable way and done nothing to increase the crowds of waiting persons except to endeavor to give satisfaction to its customers.

"That the plaintiff had done no affirmative act to create lines of waiting patrons.

"That the plaintiff used no special advertising or signs to attract large crowds of people.

"That the plaintiff operated its place of business so as to handle the largest number of people in the shortest possible space of time.

"That the plaintiff had arranged the interior of its premises as efficiently as possible.

"That for the plaintiff to open its doors for longer hours or to keep serving lines open for longer periods would not correct the crowded condition at conventional meal hours.

"That the plaintiff held only a short term lease upon its premises and that it would be unreasonable to require the plaintiff to reconstruct or enlarge its premises at a disproportionate expense in order to provide a large waiting room."

Furthermore, the basic facts for the award of the damages are so speculative and uncertain as not to be sufficient to support a judgment for damages in this amount.

The principle that every person must so use his property as not to injure others, must always be considered and applied in the light of the other principle that every man has a right to the natural use and enjoyment of his own property, and that if while lawfully in the enjoyment of such use, without negligence or malice on his part, an unavoidable loss occurs to his neighbors, such loss is damnun absque injuria.